UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:10-00111-KKC

JULETTA BUSCH                                                                    PLAINTIFF

v.                  **MEMORANDUM OPINION AND ORDER**

HARTFORD LIFE AND ACCIDENT INSURANCE CO.            DEFENDANT

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on the plaintiff's motion for leave to conduct discovery (Rec. 10). This motion has been fully briefed and is ripe for a decision. The Court, having reviewed the record and being otherwise sufficiently advised, will grant the motion in part and deny it in part.

**I. BACKGROUND**

This dispute arises from the termination of benefits under a long-term disability insurance policy. Several years after beginning to pay long-term disability benefits on December 18, 2001, the defendant informed the plaintiff of its decision to terminate her benefits on April 29, 2009. The defendant later affirmed its decision on December 9, 2009, after an internal appeal. The plaintiff filed suit in Lincoln Circuit Court on March 4, 2010, asserting violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA") and Kentucky state law. The defendant removed the action to this court on March 26, 2010. The plaintiff seeks discovery to determine whether the defendant's denial of her claim was based on bias and conflict of interest.

## II. THE DISCOVERY REQUEST

The general rule is that a district court should base its review of an ERISA-based claim of an alleged denial of benefits solely upon the administrative record. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). The rationale for this rule is that a limited review serves ERISA's purpose of providing "a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 1990). Considering evidence that was not presented to the administrator would impair the achievement of that goal. *Id.* Nevertheless, a limited exception to the general rule provides that a court may consider evidence outside the administrative record if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an allegation of bias or a lack of due process. *Wilkins*, 150 F.3d at 619.

After *Wilkins* was decided, courts within the Sixth Circuit differed over what specifically triggered the exception to the general rule. That said, it was clear that "a mere allegation of bias is insufficient to 'throw open the doors of discovery' in an ERISA case." *Likas v. Life Ins. Co. of North America*, 222 F. App'x 481, 486 (6th Cir. 2007); *see also Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 431 (6th Cir. 2006) ("[U]ntil a due process violation is at least colarably established, additional discovery beyond the administrative record into a plaintiff's denial of benefits claim is impermissible."). In short, prior to 2008, an ERISA plaintiff in the Sixth Circuit needed to make a threshold showing of bias or a procedural violation before additional discovery would be permitted. However, that changed when the United States Supreme Court issued its decision in *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008).

In *Glenn*, the Supreme Court held that a conflict of interest exists when the entity that

2

administers an ERISA plan both (1) determines whether an employee is eligible for benefits under the plan and (2) pays those benefits out of its own funds. *Id.* at 2346. Furthermore, "a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and . . . the significance of the factor will depend upon the circumstances of the particular case." *Id.* The Supreme Court later said that it does not "believe it is necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict," as such "special procedural rules would create further complexity, adding time and expense to a process that may already be too costly for many of those who seek redress." *Id.* at 2351.

The defendant argues that "*Glenn* did not change how the Sixth Circuit was handling the discovery issue." (Rec. 11).[1] The Court disagrees. Although the defendant is correct when it says that *Glenn* "did not specifically speak to the instances in which discovery would be appropriate in the presence of the structural conflict" (Rec. 11), the Court joins other courts within the Sixth Circuit in finding that *Glenn* does impact the rules for discovery in an ERISA conflict of interest case. Since *Glenn* was decided, several courts in both the Eastern and Western Districts of Kentucky have held that *Glenn* has liberalized discovery, allowing ERISA plaintiffs to look beyond the administrative record to explore the existence and impact of an inherent conflict of interest to determine whether such conflict affected the benefits decision of the defendant plan administrator/payor. *See Hays v. Provident Life and Acc. Ins. Co.*, 623

---

[1] The court notes that this same argument has been made numerous times to other courts within the Sixth Circuit, to no avail. *See Thornton v. Western and Southern Life Ins. Co. Flexible Benefits Plan*, 2010 WL 411119, *2 (W.D.Ky. 2010) (discussing this point).

3

F.Supp.2d 840 (E.D.Ky. 2008) ("This court is persuaded that, after *Glenn*, some discovery is appropriate in ERISA denial of benefits cases involving a conflict of interest."); *Raney v. Life Ins. Co. of N. America*, 2009 WL 104489, *3 (E.D.Ky. 2009) ("In short, in order for district courts to consider the inherent conflict of interest involved with dual role plan administrators, as *Glenn* admonishes, limited discovery on the issue is needed."); *Thornton v. Western and Southern Life Ins. Co. Flexible Benefits Plan*, 2010 WL 411119, *2 (W.D.Ky. 2010) ("Since *Glenn,* many district courts within the Sixth Circuit have determined that discovery beyond the administrative record is appropriate to assist the court in determining whether an inherent conflict of interest gave rise to an actual abuse of discretion."); *Mullins v. Prudential Ins. Co. of America*, 267 F.R.D. 504, 512 (W.D.Ky. 2010) (recognizing "the transformational impact of *Glenn* on the availability of discovery in ERISA actions that involve claims arising from the denial of benefits").

The Court acknowledges, as the defendant points out, that in one sentence of an unpublished opinion, one panel of the Sixth Circuit rejected the idea "that discovery will automatically be available any time the defendant is both the administrator and the payor under an ERISA plan." *Johnson v. Connecticut Gen'l Life Ins. Co.*, 324 Fed. Appx. 459, 467 (6th Cir. 2009). However, the panel also went on to say that "[d]istrict courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge under *Wilkins*." *Id*. Moreover, in *Johnson*, the district court actually ordered limited discovery and the Sixth Circuit found no error in that decision. *Id*. Without more guidance from the Sixth Circuit on when discovery is available in an inherent conflict of interest case, the Court remains persuaded by the case law which holds that

4

"[u]nder *Glenn*, the presence of the conflict of interest, on its own, is apparently sufficient to permit a court to allow discovery beyond the administrative record." *Pemberton v. Reliance Std. Life Ins. Co.*, 2009 WL 89696, *2 (E.D.Ky. 2009). *See also McQueen v. Life Ins. Co. of N. America*, 595 F.Supp.2d 752, 754 (E.D.Ky. 2009) ("[U]nder *Glenn*, the dual role creates a conflict of interest, and the presence of that conflict of interest, on its own, is sufficient to permit a court to allow discovery beyond the administrative record."); *Mullins v. Prudential Ins. Co. of America*, 267 F.R.D. 504, 512 (W.D.Ky. 2010) ("The mere existence of an inherent conflict of interest that arises when the same entity is both plan administrator and benefits payor is itself the 'threshold.' ERISA plaintiffs need do no more than show the existence of such inherent conflict in order to obtain discovery.").

Applied to the facts of this case, the plaintiff accurately points out, and the defendant concedes, that the defendant Hartford both (1) determines whether an insured qualifies for benefits and (2) pays those benefits out of its own funds. (Rec. 10, 11). Under *Glenn*, this dual position as administrator and payor is an inherent conflict of interest, a factor the Court should consider when deciding whether the plan administrator abused its discretion. Under the post-*Glenn* line of decisions from several district courts in the Sixth Circuit, this inherent conflict of interest is sufficient to warrant discovery. In short, the Court finds that the plaintiff has a right to limited discovery so that she may obtain information that will enable the court to evaluate whether the conflict of interest resulted in an abuse of discretion.

## III. THE PERMISSIBLE SCOPE OF DISCOVERY

Although the plaintiff has a right to obtain discovery regarding the defendant's conflict of interest, the scope of that discovery is not unfettered. Specifically, any discovery must be limited

5

to the conflict of interest and any allegations of bias. *See McQueen*, 595 F.Supp.2d at 755. In its motion, the plaintiff has provided a number of interrogatories and requests for production of documents. (Rec. 10). Following the approach of other district courts in the Sixth Circuit, the court declines to rule on the propriety of each individual interrogatory or request. *See Raney*, 2009 WL 104489 at *3 (refusing to "ratify or reject each specific interrogatory or request for documents"); *Pemberton*, 2009 WL 89696 at *3 (doing the same). Instead, the Court will highlight the permissible and impermissible subjects for discovery by an ERISA plaintiff faced with an inherent conflict of interest.

In general, the discovery allowed is limited to a search for evidence of whether the defendant's inherent conflict of interest affected a benefits decision. *See Thornton*, 2010 WL 411119 at *3. Broadly speaking, appropriate areas of inquiry include (1) whether there is a history of biased claim denials, (2) whether the employer has taken steps to reduce potential bias and promote accuracy, and (3) whether company policies formally or informally reward or encourage claim denials. *McQueen*, 595 F.Supp.2d at 755-56. More specifically, the district courts in the Sixth Circuit have developed a running list of "permitted areas of inquiry"–"topics on which discovery related to an inherent conflict of interest may be had by an ERISA plaintiff." *Mullins*, 267 F.R.D. at 513; *see also Bird v. GTX, Inc.*, 2009 WL 3839478, *3 (W.D.Ky. 2009). These topics, which the Court adopts as applicable to the present case, include:

(1) "Incentive, bonus, or reward programs or systems, formal or informal, for any employee(s) involved in any meaningful way in reviewing disability claims," *Myers v. Prudential Ins. Co. of America*, 581 F.Supp.2d 904, 914 (E.D.Tenn. 2008).

(2) Contractual connections between Hartford and the reviewers utilized in the plaintiff's

claim, and financial payments paid annually to the reviewers from Hartford. *Pemberton*, 2009 WL 89696 at *3.

(3) "Statistical data regarding the number of claims files sent to the reviewers and the number of denials which resulted." *Id*.

(4) "Statistical data concerning the number of times the reviewers found claimants able to work in at least a sedentary occupation or found that the claimants were not disabled." *Id*.

(5) "Documentation of administrative processes designed only to check the accuracy of grants of claims (limited to claims guidelines actually consulted to adjudicate plaintiff's claim)." *Bird* 2009 WL 3839478 at *3 (citing *McQueen*, 595 F.Supp.2d at 755-56).

While the foregoing list identifies appropriate topics for discovery, the post-*Glenn* case law within the Sixth Circuit reminds us that "[t]he scope of this discovery is narrow." *Raney*, 2009 WL 1044891 at *3. Accordingly, a substantial amount of information falls outside of the acceptable range of post-*Glenn* inquiry. *Mullins*, 267 F.R.D. at 514. First, this Court refuses to permit discovery into areas falling under the general category of "reviewer credibility." *See Thornton*, 2010 WL 411119 at *3. This includes information such as personnel files, performance reviews, and employee pay records. *Hays*, 623 F.Supp.2d at 845 (citing *Myers*, 581 F.Supp.2d at 915); *see also Bird*, 2009 WL 3839478 at *3. The rationale for this rule of exclusion is that requests for such information are unduly burdensome and their intrusiveness outweighs any likely benefit. *See McQueen*, 595 F.Supp.2d at 756; *Myers*, 581 F.Supp.2d at 914. Second, this Court finds that matters involving the professional background of reviewers are also excluded from discovery. *Mullins*, 267 F.R.D. at 514. This includes information such as the training and qualifications of the reviewers, whether the reviewers have faced criminal charges,

civil suits, or disciplinary action, whether the reviewers failed to become board-certified, or whether the reviewers recently treated patients. *Raney*, 2009 WL 1044891 at *3. The rationale for prohibiting this kind of discovery is that such requests are unlikely to lead to evidence concerning conflict of interest or bias. *Id*. In sum, the plaintiff is only entitled to limited discovery–that which pertains to the issue of whether the defendant's conflict of interest was a significant factor in the denial of the plaintiff's claim.

Applied to the facts of this case, without ruling on each individual discovery request, the Court agrees with the plaintiff that she is entitled to discovery, but does not agree that her discovery request "mirrors what district courts have routinely ordered in ERISA cases." (Rec. 10). While the plaintiff has requested several pertinent pieces of information from the defendant, the Court agrees with the defendant that those inquiries related to the background, qualifications, and experience of the reviewers are not discoverable. Likewise, information contained in the personnel files of Hartford employees, including performance evaluations, is also not discoverable.

In conclusion, since the plaintiff is entitled to limited discovery and this opinion has set out the permissible and impermissible subjects for that discovery, the Court would hope that the parties could resolve their discovery disputes amicably.

## IV.    CONCLUSION

For the reasons set forth above, **IT IS ORDERED**:

(1) that the plaintiff's motion for leave to conduct discovery (Rec. 10) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    (a) plaintiff's motion is **GRANTED** to the extent that the plaintiff is entitled

>
> to limited discovery pertaining to the defendant's conflict of interest and alleged bias; and
>
> (b) plaintiff's motion is **DENIED** as to the remainder of the discovery requests.

(2) Furthermore, the parties shall file a written proposal for discovery and filing deadlines no later than twenty (20) days from entry of this Order.

This 27th day of September, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge